FILED
2015 JUL 7 PM 1:05
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ABE LEHI,<br><br>     Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>     Respondent. | MEMORANDUM OPINION AND ORDER<br><br><br>Civil No. 2:14-cv-00208<br><br>Judge Bruce S. Jenkins |

# I. INTRODUCTION

As evidenced by the summary of the United States,[1] Petitioner, Abe Lehi, has been before this court on many prior occasions, beginning with his plea of guilty before Judge Aldon Anderson and continuing with subsequent appearances before the undersigned Judge. This extensive procedural history is further described in this court's prior Memorandum Opinion and Order issued on March 5, 2014 in response to Petitioner's most recent prior motion.[2]

Presently before the court is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, which Petitioner filed on March 20, 2014.[3] Following a court order to respond and an extension of time to respond,[4] the United States

---

[1] Government's Resp. to Mot. to Vacate, Set Aside, or Correct Sentence, filed Oct. 17, 2014 (CM/ECF No. 7) at 4-7.

[2] *Lehi v. USA*, 2:12-cv-00518-BSJ, (CM/ECF No. 9).

[3] (CM/ECF No. 1).

[4] Order, filed June 18, 2014 (CM/ECF No. 3); Order Granting Government's Mot. for Extension of Time to File Resp., filed Aug. 6, 2014 (CM/ECF No. 6).

filed an answer on October 17, 2014.[5] After receiving his own extension of time to respond,[6] Petitioner filed a reply,[7] as well as a request for an evidentiary hearing,[8] on December 3, 2014.

After thorough examination of the present and prior pleadings and the examination by the court of appeals, this court is of the opinion that the current petition is untimely, that there is no good reason for an evidentiary hearing, that a certificate of appealability should not be issued, and that Petitioner's current pending motion should be DENIED.

## II. DISCUSSION

Petitioner's § 2255 motion and related request for an evidentiary hearing raise questions as to (i) whether Petitioner is entitled to an evidentiary hearing on his motion; (ii) whether Petitioner's motion should be granted; and (iii) whether the court should issue a certificate of appealability. The court will address each question in turn.

A. Evidentiary Hearing

In relevant part, 28 U.S.C. § 2255 states as follows:

> **(b)** Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

Here, the court determines that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." As further analyzed below, Petitioner's motion was not filed in a timely manner and is thus barred. It being clear that

---

[5]Government's Resp. to Mot. to Vacate, Set Aside, or Correct Sentence, filed Oct. 17, 2014 (CM/ECF No. 7).

[6]Order, filed Oct. 30, 2014 (CM/ECF No. 9).

[7]Pet'r's Mem. in Supp. of 2255 Mot. and Opposing Government's Reply, filed Dec. 3, 2014 (CM/ECF No. 10).

[8]Statement as to Need of an Evidentiary Hr'g, filed Dec. 3, 2014 (CM/ECF No. 11).

Petitioner is not entitled to relief, the court finds that Petitioner is not entitled to an evidentiary hearing.[9]

B. <u>28 U.S.C. § 2255 Motion</u>

As this court previously noted,[10] in 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which among other things, imposed a one-year statute of limitations on the filing of motions for relief pursuant to 28 U.S.C. § 2255.[11] Specifically, 28 U.S.C. § 2255(f), as amended by AEDPA,[12] states as follows:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[9]*See United States v. Edwards*, 588 Fed.Appx. 823, 826-27 (10th Cir. 2014) ("Reasonable jurists could not debate the right-to-testify claim did not relate back and was therefore untimely. An evidentiary hearing would not change that.").

[10]*Lehi v. USA*, 2:12-cv-00518-BSJ, (CM/ECF No. 9), at 7.

[11]Pub. L. No. 104–132, §105, 110 Stat 1214.

[12]The excerpt from 28 U.S.C. § 2255 also reflects stylistic changes made to the statute in 2008 by amendment. *See* Pub. L. No. 110-177, § 511, 121 Stat 2534.

The AEDPA one-year statute of limitations for § 2255 motions became effective as of April 24, 1996. Where, under § 2255(f)(1), the statute of limitations runs one year from "the date on which the judgment of conviction becomes final," the Tenth Circuit determined that federal prisoners whose convictions became final on or before April 24, 1996—such as is the case with Petitioner—were thus required to file motions pursuant to § 2255 on or before April 24, 1997.[13]

As noted, Petitioner did not file the present § 2255 motion until March 20, 2014, nearly seventeen years after the April 24, 1997 cutoff. Further, the Tenth Circuit already determined that Petitioner's prior *pro se* motions, filed in 2002 and 2004, were time barred.[14] Therefore, under § 2255(f)(1), Petitioner's present motion should be denied as untimely.

Petitioner has failed to establish that one of the three remaining subsections of 28 U.S.C. § 2255(f)—i.e., § 2255(f)(2), § 2255(f)(3), § 2255(f)(4)—applies to Petitioner's case. Petitioner has not demonstrated under § 2255(f)(2) that an unlawful government action, only removed in the last year, impeded Petitioner's ability to file a petition. Similarly, Petitioner has not identified under § 2255(f)(3) a right newly recognized by the United States Supreme Court made retroactively applicable on collateral review. Finally, Petitioner's statement that "information found out has only come to light recently but [Petitioner] could not find a person willing to present the issues because of discrimination and bias against the nature of the offense,"[15] is insufficient to make Petitioner's motion timely under § 2255(f)(4). Petitioner provides no

---

[13]*See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003); *United States v. Simmonds*, 111 F.3d 737, 744-46 (10th Cir. 1997) (overruled in part by *Hurst*, 322 F.3d 1256, 1261 n.4).

[14]*Lehi v. USA*, 2:04-cv-969-BSJ, (CM/ECF No. 14), at 3-4 ("The Antiterrorism and Effective Death Penalty Act became effective on April 24, 1996. Defendant, whose convictions became final before that date, had until April 24, 1997 to file a § 2255 motion. *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003). He failed to do so. The deadline for Defendant to file a § 2255 motion had expired by the time he filed his *pro se* motions in the district court in 2002 and 2004. *See* 28 U.S.C. § 2244(d). Because Defendant was barred from filing a § 2255 motion at the time the district court's recharacterizations occurred, no adverse consequences attached to the recharacterizations.").

[15]Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, filed Mar. 20, 2014, (CM/ECF No. 1) at 12 of 13.

material facts that could not have been discovered by the exercise of due diligence prior to the last year.

Therefore, the court determines Petitioner's present § 2255 motion is untimely and should be denied.[16]

C. <u>Certificate of Appealability</u>

Under Rule 11 of the Rules Governing § 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. § 2253(c)(1)(B) provides: "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255."

The United States Supreme Court has provided the following direction regarding certificates of appealability ("COA"):

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in conformity with the meaning of the "substantial showing" standard provided in *Barefoot, supra,* at 893, and n. 4, 103 S.Ct. 3383, and adopted by Congress in AEDPA. **Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the**

---

[16]Petitioner's § 2255 motion is similarly not timely under principles of equitable tolling. "Equitable tolling of the limitations period is available 'when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). "[A] claim of insufficient access to relevant law . . . is not enough to support equitable tolling." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Here, Petitioner has not demonstrated extraordinary circumstances beyond his control that warrant equitable tolling. *Cf. United States v. Gabaldon*, 522 F.3d at 1124-27 ("We believe that a complete confiscation of Mr. Gabaldon's legal materials just weeks before his filing deadline would constitute extraordinary circumstances for the purposes of equitable tolling.").

> **district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.**
>
> Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments. The recognition that the "Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of," *Ashwander v. TVA,* 297 U.S. 288, 347, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues. The *Ashwander* rule should inform the court's discretion in this regard.

*Slack v. McDaniel,* 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000) (emphasis added).

Therefore, where, as here, the court has denied Petitioner's claims on procedural grounds—namely that his § 2255 motion is time-barred—Petitioner may obtain a certificate of appealability by showing (i) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (ii) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." The court concludes that Petitioner cannot satisfy the second component, as jurists of reason would not find it debatable whether Petitioner's motion is time-barred.[17] Therefore, no certificate of appealability is granted.

---

[17]Having concluded that the second component is not met, the court need not address the first component—i.e., whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a
(continued . . .)

## III. CONCLUSION

The court concludes that Petitioner's § 2255 motion is time barred. The motion and the files and records of the case conclusively show that Petitioner's § 2255 motion falls outside the one-year statute of limitations period. Jurists of reason would not find the timeliness of Petitioner's motion debatable.

Therefore,

**IT IS ORDERED** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is DENIED as time barred.

**IT IS FURTHER ORDERED** that Petitioner's request for an evidentiary hearing is likewise DENIED.

**IT IS FURTHER ORDERED** that a certificate of appealability shall not be issued.

DATED this 6th day of July, 2015.

Bruce S. Jenkins
United States Senior District Judge

---

[17](... continued) constitutional right." *See United States v. Marizcales-Delgadillo*, 243 F. App'x 435, 439 (10th Cir. 2007) ("The *Slack* test is disjunctive, so we may base our denial of a COA on Mr. Marizcales–Delgadillo's failure to meet either part of the test.").